UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAURICE PATRICK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF SPOKANE,<br><br>　　　　Defendant. | No. CV-07-159-LRS<br><br>**ORDER OF DISMISSAL** |

　　　On May 17, 2007, the plaintiff's *pro se* complaint was filed *in forma pauperis*. (Ct. Rec. 4). On July 2, 2007, plaintiff filed a "First Amended Complaint" (Ct. Rec. 5) which should properly be considered a "Supplemental Complaint" since it sets forth transactions or occurrences or events which have happened since the date of the pleading supplemented.

　　　Plaintiff challenges a series of traffic citations that were issued to him by the City of Spokane, all of which were adjudicated by the Spokane Municipal Court and which resulted in the imposition of monetary fines. Plaintiff contends the monthly payment required of him by the municipal court on the fines is excessive and in violation of the Eighth Amendment to the United States Constitution. It is based on the Eighth Amendment that plaintiff asserts this court has federal question jurisdiction. 28 U.S.C. §1331. Plaintiff also apparently asserts common law claims (i.e., breach of contract and negligence) against the City of Spokane related to the issuance and adjudication of these citations.

　　　What the plaintiff is effectively asking this federal court to do is engage in

**ORDER OF DISMISSAL-**　　　　**1**

appellate review of state cases in which alleged errors (constitutional and otherwise) occurred to the plaintiff's detriment.  This is not appropriate under the *Rooker-Feldman* doctrine.  A losing party in state court is barred from seeking review of the judgment in a federal district court by claiming that the state court judgment violated the loser's federal constitutional rights which were "inextricably intertwined" in the state court proceedings.  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647 (1994).  "Judicial errors committed in state courts are for correction in the state court systems."  *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).  Here, the plaintiff is asking for relief which would effectively reverse state court decisions or void their rulings.  Plaintiff is attempting to improperly re-litigate issues previously presented to state courts.

The *Rooker-Feldman* doctrine is jurisdictional and this court is therefore obligated to raise it *sua sponte*.  *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1990).  This court does not have subject matter jurisdiction to entertain plaintiff's claims and therefore, his complaint is **DISMISSED without prejudice**.  *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)(dismissal for lack of subject matter jurisdiction should be "without prejudice so that a plaintiff may reassert his claims in a competent court").  Plaintiff needs to reassert his claims in state court which is the competent court to entertain his claims.

**IT IS SO ORDERED.**  The District Executive shall forward copies of this order to the plaintiff and close this file.

**DATED** this   6th   of November, 2007.

					s/Lonny R. Suko
					_____
					LONNY R. SUKO
					United States District Judge

**ORDER OF DISMISSAL-**			**2**